IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JUSTIN MINOR,

    Petitioner,

  v.

WARDEN, BELMONT
CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:15-3037
JUDGE GEORGE C. SMITH
Magistrate Judge Kemp

### REPORT AND RECOMMENDATION

Petitioner, a state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the petition (Doc. 3), the return of writ (Doc. 7), Petitioner's motion to stay (Doc. 8), and the response to that motion (Doc. 9). For the reasons that follow, the Magistrate Judge **RECOMMENDS** that the petition and the motion to stay be **DENIED** and that this case be **DISMISSED**.

### I. Procedural History

On January 22, 2014, the Muskingum County, Ohio grand jury indicted Petitioner on four drug-related charges, all with specifications, and with one count of having a firearm while under a disability. Petitioner pleaded guilty to the first three counts, all felonies. The most serious count was count three, which carried a maximum prison term of eight years. The plea agreement stated that the prosecution would make no recommendation as to a sentence, and also that the sentences on the three counts of conviction could be run consecutively. *Return of Writ*, Exhibits 1 and 4.

In an entry filed on May 23, 2014, the trial court sentenced Petitioner to an aggregate prison term of eight years.  He was also fined and given three years of post-release control.  The court specifically found that the maximum sentence was necessary due to Petitioner's lengthy criminal record and the fact that he had served previous prison terms.  *Return of Writ*, Ex. 7.

Through counsel, Petitioner timely appealed to Fifth District Court of Appeals.  He raised two assignments of error: (1) that the maximum sentence imposed was contrary to law, and (2)  that the maximum sentence imposed was an abuse of discretion. *Return,* Ex. 11.  Both issues were argued solely as questions of state law.  In a decision rendered on October 20, 2014, the court of appeals overruled each of Petitioner's assignments of error and affirmed his sentence.  *State v. Minor*, 2014 WL 5365541 (Muskingum Co. App. Oct 20, 2014).  Petitioner did not take a timely appeal of that decision.

On February 20, 2015, acting *pro se,* Petitioner filed a motion in the state trial court which asserted that the sentence handed down by the court violated the written plea agreement.   *Return,* Ex. 14.  The trial court denied that motion five days later.  *Return*, Ex. 15.    As of the date the return was filed, no other proceedings had been taken in the state courts.

On December 1, 2015, Petitioner filed his petition for a writ of habeas corpus (signed on November 10, 2015) with this court.  He asserts only a single ground for relief, which, in summary, is that he agreed to plead guilty in exchange for concurrent

sentences not to exceed two years, and that the sentence imposed violated the plea agreement and the Ohio Rules of Criminal Procedure.

On February 19, 2016, Petitioner filed a motion to stay these proceedings. Noting that, in the return, Respondent raised the issue of failure to exhaust state court remedies, Petitioner stated that he intended to present federal constitutional claims to the Ohio Supreme Court by way of a delayed direct appeal.  Respondent has opposed the motion, asserting that a stay is not appropriate here and that the Court should simply dismiss the petition and find that the claim presented is without merit.  It appears from the online docket of the state courts that Petitioner filed his notice of appeal on March 11, 2016, but neither that record nor the Court's records reflect the content of the notice or what issues Petitioner is raising in his delayed direct appeal.

## II. Discussion

### A. Exhaustion

Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993). If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. §2254(b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir.1990). Where alternative state remedies are available to consider the same claim, exhaustion of one of these remedies is all that is necessary. A habeas petitioner

bears the burden of demonstrating that he has properly and fully exhausted his available state court remedies with respect to the claims he seeks to present for federal habeas review. *Prather v. Rees*, 822 F.2d 1418, 1420 n. 3 (6th Cir.1987).

Respondent argues that the claim presented in the habeas corpus petition was also raised before the Fifth District Court of Appeals, and that because Petitioner did not take a further appeal to the Ohio Supreme Court, that claim has not been exhausted. Respondent also asserts that the claim is purely a state law claim and presents no basis for the issuance of a writ of habeas corpus under federal law, which allows such writs only when a state prisoner is being held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). That is clearly true of the two assignments of error presented to the state court of appeals; both were presented and argued solely as issues of Ohio law, and this Court cannot grant relief on the ground that the State of Ohio, through its courts, misapplied state law. *See Pulley v. Harris*, 465 U.S. 37, 41 (1984)("A federal court may not issue the writ on the basis of a perceived error of state law').

But the claim which Petitioner has presented here is different. He asserts not that the sentence violated Ohio law or was an abuse of discretion, but that it violated his plea agreement. He presented that claim not in his assignments of error to the Fifth District Court of Appeals, but in the motion which he filed in the trial court on February 20, 2015. He did not file an appeal of the trial court's denial of that motion to the state court of appeals, and the time for doing so has passed. That raises a separate issue of procedural default.

## B. Procedural Default

Congress has provided that state prisoners who are in custody in violation of the Constitution or laws or treaties of the United States may apply to the federal courts for a writ of habeas corpus. 28 U.S.C. §2254(a). In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required to present those claims to the state courts for consideration. 28 U.S.C. §2254(b), (c). If he fails to do so, but still has an avenue open to him by which he may present his claims, then his petition is subject to dismissal for failure to exhaust state remedies. *Id.; Anderson v. Harless*, 459 U.S. 4, 6, 103 (1982 (*per curiam*) (citing *Picard v. Connor*, 404 U.S. 270, 275–78 (1971)). Where a petitioner has failed to exhaust his claims but would find those claims barred if later presented to the state courts, "there is a procedural default for purposes of federal habeas...." *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991).

The term "procedural default" has come to describe the situation where a person convicted of a crime in a state court fails (for whatever reason) to present a particular claim to the highest court of the State so that the State has a fair chance to correct any errors made in the course of the trial or the appeal before a federal court intervenes in the state criminal process. This "requires the petitioner to present 'the same claim under the same theory' to the state courts before raising it on federal habeas review." *Hicks v. Straub*, 377 F.3d 538, 552–53 (6th Cir. 2004) (quoting *Pillette v. Foltz*, 824 F.2d 494, 497 (6th Cir. 1987)). One of the aspects of "fairly presenting" a claim to the state courts is

that a habeas petitioner must do so in a way that gives the state courts a fair opportunity to rule on the federal law claims being asserted. That means that if the claims are not presented to the state courts in the way in which state law requires, and the state courts therefore do not decide the claims on their merits, neither may a federal court do so. In the words used by the Supreme Court in *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977), "contentions of federal law which were not resolved on the merits in the state proceeding due to respondent's failure to raise them there as required by state procedure" also cannot be resolved on their merits in a federal habeas case-that is, they are "procedurally defaulted."

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim is waived by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id.* Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id.* Third, it must be decided whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim. *Id.* Finally, if the Court has determined that a state procedural rule was not complied with, and that the rule was an adequate and independent state ground, then the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional

error. *Id*. This "cause and prejudice" analysis applies to failures to raise or preserve issues for review at the appellate level. *Leroy v. Marshall*, 757 F.2d 94 (6th Cir. 1985). Turning to the fourth part of the *Maupin* analysis, in order to establish cause, petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Constitutionally ineffective counsel may constitute cause to excuse a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). In order to constitute cause, an ineffective assistance of counsel claim generally must " 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.' " *Edwards,* 529 U.S. at 452 (quoting *Murray v. Carrier*, 477 U.S. 478, 479 (1986)). That is because, before counsel's ineffectiveness will constitute cause, "that ineffectiveness must itself amount to a violation of the Sixth Amendment, and therefore must be both exhausted and not procedurally defaulted." *Burroughs v. Makowski*, 411 F.3d 665, 668 (6th Cir. 2005). Or, if procedurally defaulted, petitioner must be able to "satisfy the 'cause and prejudice' standard with respect to the ineffective-assistance claim itself." *Edwards v. Carpenter*, 529 U.S. 446, 450–51 (2000). The Supreme Court explained the importance of this requirement:

> We recognized the inseparability of the exhaustion rule and the procedural-default doctrine in *Coleman*: "In the absence of the independent and adequate state ground doctrine in federal habeas, habeas petitioners would be able to avoid the exhaustion requirement by defaulting their federal claims in state court. The independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases." 501 U.S., at 732, 111 S.Ct. 2546, 115 L.Ed.2d 640. We again

> considered the interplay between exhaustion and procedural default last Term in *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999), concluding that the latter doctrine was necessary to " 'protect the integrity' of the federal exhaustion rule." *Id.*, at 848, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (quoting id., at 853, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (STEVENS, J., dissenting)). The purposes of the exhaustion requirement, we said, would be utterly defeated if the prisoner were able to obtain federal habeas review simply by " 'letting the time run' " so that state remedies were no longer available. *Id.*, at 848, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1. Those purposes would be no less frustrated were we to allow federal review to a prisoner who had presented his claim to the state court, but in such a manner that the state court could not, consistent with its own procedural rules, have entertained it. In such circumstances, though the prisoner would have "concededly exhausted his state remedies," it could hardly be said that, as comity and federalism require, the State had been given a "fair 'opportunity to pass upon [his claims].' " *Id.*, at 854, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (STEVENS, J., dissenting) (emphasis added) (quoting *Darr v. Burford*, 339 U.S. 200, 204, 70 S.Ct. 587, 94 L.Ed. 761 (1950)).

*Edwards*, 529 U.S. at 452–53.

If, after considering all four factors of the *Maupin* test, the court concludes that a procedural default occurred, it must not consider the procedurally defaulted claim on the merits unless "review is needed to prevent a fundamental miscarriage of justice, such as when the petitioner submits new evidence showing that a constitutional violation has probably resulted in a conviction of one who is actually innocent." *Hodges v. Colson*, 727 F.3d 517, 530 (6th Cir. 2013) (citing *Murray v. Carrier*, 477 U.S. 478, 495–96 (1986)).

This Court has, in the past, discussed the effect of failing to take a timely appeal from the denial of a post-conviction petition (which is what Petitioner's motion

-8-

appeared to be, although the subject of that motion, being something apparent from the face of the record, should have been raised on direct appeal). This Court held, in *Wright v. Lazaroff*, 643 F.Supp.2d 971, 987-88 (S.D. Ohio 2009), both that the failure to take such an appeal is a procedural default - the result of the failure is to prevent the state courts from considering the claim in accordance with their procedural rules - and that Ohio law does not allow a delayed appeal to be taken from the denial of a post-conviction petition. Consequently, Petitioner in this case has no available avenue by which to present his breach of the plea agreement claim to either the state appellate court or to the Ohio Supreme Court, and he has defaulted, or waived, that claim. Consequently even if the claim was presented as a federal constitutional claim (and breach of a plea agreement may arguably be a federal claim, *see Santobello v. New York*, 404 U.S. 257 (1971)), it has nonetheless been defaulted, and Petitioner has not provided the Court with any explanation for why he did not appeal the denial of his post-conviction petition.

That brings the Court to the issue of a stay. Under some circumstances, where a petition contains both exhausted and unexhausted claims, the Court may stay a habeas case in order to allow the Petitioner to return to state court to complete the process of presenting his claims to the state courts. *See, e.g., Rhines v. Weber*, 544 U.S. 269 (2005). That does not describe this case, however. The petition filed here contains one procedurally defaulted claim and no unexhausted claims. Further, the delayed appeal which Petitioner has now filed cannot properly address the claim he presented here, because he did not present that claim to the state court of appeals. There is simply no

basis upon which the Court can stay this case, because Petitioner has no state court remedy available to him with respect to his breach of plea agreement claim.

Even if an argument could be made, for example, that the Court ought to stay the disposition of this case until Petitioner completes the appeals process for the claims he did present to the Fifth District Court of Appeals so that he might then amend his petition to bring those claims to federal court (and avoid having them dismissed because they were presented in a second or successive petition), Respondent correctly points out that they are not federal law claims, and it does not matter how he characterizes them in his delayed appeal, because he raised no federal constitutional claims before the state court of appeals. There would thus be no circumstances under which Petitioner would be entitled to federal habeas corpus relief, and no basis to withhold a decision here pending the completion of his delayed appeal to the Ohio Supreme Court.

### III.  Recommendation

For all of the reasons stated above, it is recommended that the petition for a writ of habeas corpus be **DENIED**, that Petitioner's motion to stay be **DENIED**, and that this action be **DISMISSED.**

### IV.  Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court

shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

                                                                                    /s/ Terence P. Kemp
                                                                       United States Magistrate Judge