IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JUSTIN MINOR,**

    **Petitioner,**

    v.

                                **CASE NO. 2:15-CV-3037**
                                **JUDGE GEORGE C. SMITH**
                                **MAGISTRATE JUDGE KEMP**

**WARDEN, BELMONT**
**CORRECTIONAL INSTITUTION,**

    **Respondent.**

## OPINION AND ORDER

      On March 30, 2016, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus and motion for stay be denied and that this action be dismissed. (ECF No. 10). Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation*. (ECF No. 13). Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (ECF No. 13) is **OVERRULED**. The *Report and Recommendation* (ECF No. 10) is **ADOPTED** and **AFFIRMED**. Petitioner's *Motion for Stay of Execution of Decision* (ECF No. 8) is **DENIED** and this action is hereby **DISMISSED.**

      This case involves Petitioner's January 2014, convictions pursuant to his guilty plea in the Muskingum County Court of Common Pleas on two counts of trafficking in heroin and one count of possession of drugs, with firearm specifications. The trial court imposed an aggregate term of eight years incarceration. The Ohio Court of Appeals affirmed the judgment of the trial court. Petitioner did not file an appeal with the Ohio Supreme Court. On February 20, 2015, Petitioner filed a motion in the state trial court in which he asserted that his sentence violated the

terms of his plea agreement.  The trial court denied the motion.  Petitioner did not file an appeal.  On December 1, 2015, he filed the instant habeas corpus petition.  He asserts that the sentence violated the plea agreement and Ohio Rules of Criminal Procedure.  On February 19, 2016, Petitioner filed a request for a stay pending resolution of the filing of a motion for a delayed appeal with the Ohio Supreme Court.  The Magistrate Judge recommended denial of Petitioner's motion for a stay and dismissal of Petitioner's claim as procedurally defaulted.

Petitioner objects to the Magistrate Judge's recommendations.  Petitioner requests a stay of proceedings so that he may exhaust his claim regarding the alleged breach of his plea agreement, and a claim that the trial court abused its discretion in imposing sentencing.  Petitioner refers to his *pro se* incarcerated status, and indicates that he has been forced to rely upon inmate law clerks, who have been negligent and performed faulty legal work.

However, as noted by the Magistrate Judge, Petitioner's claim regarding a breach of the plea agreement does not remain unexhausted.  Petitioner has no remaining state court remedies by which to present such claim to the state courts, as Ohio does not permit delayed appeals in post-conviction proceedings.  *See Inman v. Warden, Southeastern Correctional Inst*., No. 2014 WL 1608390, at *6 (S.D. Ohio April 22, 2014)("The Supreme Court of Ohio has specifically held that 'a delayed appeal pursuant to App. R. 5(A) is not available in the appeal of a postconviction relief determination ... [and] that post-conviction relief proceedings will be governed by the Ohio Rules of Appellate Procedure as applicable to civil actions.' ")(quoting *State v. Nichols*, 11 Ohio St.3d 40, 43, 463 N.E.2d 375 (1984)).  Petitioner therefore may now no longer file an appeal of the trial court's denial of this claim.  He therefore has committed a procedural default of this claim, and has failed to establish cause and prejudice for such procedural default.  His claim is subject to dismissal on this basis.

Further, even assuming that Petitioner amended the Petition to include the claims he raised on direct appeal, contrary to Petitioner's allegation here, those claims fail to present an issue of federal constitutional magnitude and therefore do not warrant habeas corpus relief. 28 U.S.C. § 2254(a). Under these circumstances, the record fails to warrant a stay of proceedings. *See Rhines v. Weber*, 544 U.S. 269 (2005).

Therefore, Petitioner's *Objection* (ECF No. 13) is **OVERRULED**. The *Report and Recommendation* (ECF No. 10) is **ADOPTED** and **AFFIRMED.** Petitioner's *Motion for Stay of Execution of Decision* (ECF No. 8) is **DENIED** and this action is hereby **DISMISSED.**

IT IS SO ORDERED.

/s/ *George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**